***ROBERT L. ARLEO, ESQ.***
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                    Fax: (518) 751-1801
Email: r.arleo@verizon.net

February 10, 2014

Hon. Richard S. Sullivan
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York   10007

Re: Goldenberg v. Mel S. Harris & Associates, LLC
<u>13-cv-9004 (RJS)</u>

Dear District Judge Sullivan:

   I am co-counsel for the Plaintiff named in the above-entitled action. I submit the herein correspondence in response to the correspondence dated February 3, 2014 from attorney Brett A. Scher, an attorney for the Defendants. Therein Mr. Scher alleges that the Defendants have a legal basis to file a motion to dismiss the Complaint pursuant Fed. R. Civ. P. 12(b)(6). For the reasons set forth below Mr. Scher is simply incorrect.

   Initially, Mr. Scher alleges that the Plaintiff's First Cause of Action is "frivolous" and attempts to invoke the holding of the United States Court of Appeals for the Second Circuit rendered in the matter of *Greco v. Trauner*, *Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005). Simply put Mr. Scher is incorrect in regard to his assertion that the *Greco* disclaimer, i.e. "At this time no attorney with this firm has personally reviewed the particular circumstances of your account.", provides a steel shield for the Defendants. Importantly, the Plaintiff relies upon the fact that the letter which was sent to him contains a signature line with an original signature set forth thereon. As alleged in paragraph 64 of the Complaint, the letter was "robo-signed" by a non-attorney. However, the signature could easily be perceived by the least sophisticated consumer as that of an attorney, possibly attorney Mel S. Harris. In contrast, the letter at issue in the *Greco* matter was not signed but, rather, simply set forth the name of the law firm.

   Based upon the facts set forth in the previous paragraph the Plaintiff's Complaint, at worst, establishes that the letter is subject to two different interpretations, one of which is incorrect. Even with the *Greco* advisement the letter could also be perceived by the "least sophisticated consumer" as implying that a lawyer signed the letter after making a determination that the Plaintiff is legally obligated the pay the alleged debt.'

   In *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Circuit ), the Second Circuit recognized that a

collection notice may violate the FDCPA when it contains language that "overshadows" or "contradicts" other language contained in the letter. Here, the original signature purporting to be that of an attorney both overshadows and contradicts the *Greco* language which states that no attorney has reviewed the particular circumstances of the Plaintiff's debt.

A collection notice is deceptive if it is open to more than one interpretation, at least one of which is inaccurate. *Graziano v. Harrison*, 950 F.2d 107, 111 (3ʳᵈ Cir. 1991) *citing Dutton v. Wolhar*, 809 F. Supp. 1130 (D. Del. 1992)(finding "….the least sophisticated debtor is not charged with gleaning the more subtle of two interpretations" of a collection notice.) *See also Britton v. Weiss*, 1989 U.S. Dist. LEXIS 14610 (N.D.N.Y.)(finding that deceptiveness of collection notices "should be assessed in terms of the impression likely to be left on the unsophisticated consumer.")

Further support is found in the matter of *Gonzalez v. Kay*, 577 F.3d 600, 606 (5ᵗʰ Cir. 2009). Therein a district court dismissed a claim of deceptive attorney involvement because the *Greco* disclaimer was set forth on the back of the collection notice from the law firm. On appeal, the United States Court of Appeals for the Fifth Circuit reversed and remanded the case back to the district court to "further develop the record." In so doing the Fifth Circuit justices found that the letter contained "contradictory messages." in regard to the issue of whether an attorney had reviewed the letter and the particulars of the account. In the herein action the original signature on the letter, and the inclusion of the *Greco* language in the letter, establish "contradictory messages" in regard to the issue of attorney review.

Mr. Scher glaringly neglects to address the allegations set forth in paragraphs 116 and 117 of the Complaint. Therein it is alleged that the letter allegedly signed by attorney Joel Vago was false and deceptive as the contents of the letter clearly indicate that Mr. Vago did not review the letter nor the particulars of the Plaintiff's account. As there is no *Greco* disclaimer in the Vago letter these paragraphs of the Complaint support a claim for violation of the FDCPA which is independent as to whether or not the Plaintiff has pleaded a claim for threatening unintended legal action.

In regard to whether or not the Vago letter constitutes a threat of unintended legal action. Plaintiff alleges that he has satisfied the test for unintended legal action set forth in *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). In fact, the contents of the Vago letter would lead the least sophisticated consumer to believe that legal action was "authorized, likely and imminent."

Mr. Scher's attempt to rely upon the holding in *Knowles v. Credit Bureau of Rochester*, 1992 WL 131107 (W.D.N.Y.) is misplaced. The defendant named therein was a collection agency. Here, the letters were sent by a law firm. Indeed, the Defendants are well aware that a letter from an attorney connotes to the unsophisticated consumer that "….the price of poker has gone up." and that a letter from an attorney can get a debtor's "knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7ᵗʰ Cir. 1996).

3

After citing to the *Knowles* case Mr. Scher attempts to imply that 15 U.S.C. § 1692e(5) is limited to allegations that legal action could not be taken. Not so. Said section of the FDCPA is two-prong in that it precludes threats which cannot be taken *or* which are not intended. The fact that other lawsuits have been filed on behalf of the creditor LVNV, and that the Defendant Mel S. Harris & Associates, LLC has been counsel of record in many of these actions, is not relevant.

With respect to Defendants' arguments for dismissal of Plaintiff's Third Cause of Action those arguments are not grounded in law. As an initial matter, the Defendants are unable to cite a single case in support of their arguments. Instead, the Defendants essentially make two arguments both of which are set forth below.

First Defendants argue that Defendants' "Verification Letter" provided billing statements, which on their face allowed Plaintiff to extrapolate the original creditor's name and address, which Defendants' letter refused to provide unlike most reputable debt collectors. As the Defendants well know, Chase Bank USA, N.A. is actually a wholly owned indirect subsidiary of JPMorgan Chase and Company, both of which have scores of affiliate companies and subsidiaries all of which have hundreds of thousands of different addresses throughout the United States and at least 50 other countries worldwide. So, Defendants' argument essentially presupposes that (1) this is actually Plaintiff's debt and, even if it were, that Plaintiff only had one Chase account; and (2) Plaintiff can decipher which Chase entity listed on the statements was the correct one to write for information; and (3) Plaintiff can figure out which address on the statements to which to mail his request for information. Indeed, Defendants' letters identifies "Chase Bank USA, N.A." as the "Original Creditor". However, that name does not appear anywhere on the statements provided. Instead, the names "Slate by Chase," "Cardmember Services," and "Chase Cardmember Services" are listed and the address provided on the statements (i.e., P.O. Box 15159, Wilmington, DE 19558) neither points to nor belongs to "Chase Bank USA, N.A."

Second, Defendants next argue that §1692(g)(b) is written "in the disjunctive" and, therefore, because Defendants sent Plaintiff a letter they characterize as "Verification", they can continue to collect the debt without providing the <u>requested</u> mailing address of the original creditor. It appears that Defendants misunderstand the meaning of the word "disjunctive." The statute as plainly written means that the debt collector cannot continue to collect a debt until it provides the mailing address of the original creditor that was requested by the consumer. Thus, the Court should interpret the FDCPA according to its plain meaning so as to give effect to the purposes for which Congress intended. Indeed, a court must assume that the ordinary meaning of a statute accurately expresses the legislative purpose. *Marx v. Gen. Revenue Corp.*, 133 S.Ct. 1166, 1172 (2013)(interpreting the FDCPA.)

4

Respectfully submitted,

/ s / *Robert L. Arleo*

Robert L. Arleo

RLA:gra
cc: All counsels of record